PADGITT v LAPEER COUNTY GENERAL HOSPITAL

Docket No. 98302. Submitted January 7, 1988, at Lansing. Decided February 17, 1988.

A. K. Padgitt brought an action in Lapeer Circuit Court against Lapeer County General Hospital. Plaintiff, invoking the concurrent jurisdiction of the federal courts over his action, thereafter brought another action against the same defendant in the United States District Court for the Eastern District of Michigan. After defendant had filed an answer to the complaint in circuit court, plaintiff brought a motion seeking a voluntary dismissal without prejudice, to which defendant objected. The circuit court, Martin E. Clements, J., dismissed the action with prejudice. Plaintiff appealed.

The Court of Appeals *held:*

The circuit court did not abuse its discretion in dismissing the action with prejudice in light of the federal court's concurrent jurisdiction and the fact that plaintiff could have chosen to proceed in circuit court rather than accept the dismissal with prejudice.

Affirmed.

MOTIONS AND ORDERS — VOLUNTARY DISMISSAL — APPEAL.

The grant or denial of a motion for voluntary dismissal of an action is within the sound discretion of the trial court and will not be reversed on appeal unless it can be said that the trial court's ruling was without justification (MCR 2.504[A][2]).

*Robert L. Bunting,* for plaintiff.

*Bellairs, Dean, Cooley, Siler & Moulton* (by *John P. Siler*), and *Plunkett & Cooney, P.C.* (by *Deanna E. Hazen* and *Suzanne L. Wilhelm*), for defendant.

REFERENCES

Am Jur 2d, Dismissal, Discontinuance, and Nonsuit §§ 9 *et seq.*

See the annotations in the Index to Annotations under Dismissal, Discontinuance, and Nonsuit.

Before: CYNAR, P.J., and BEASLEY and K. B. GLASER,* JJ.

PER CURIAM. Plaintiff appeals from an order dismissing his case with prejudice.

On December 30, 1985, plaintiff filed his complaint in Lapeer Circuit Court. Thereafter, plaintiff invoked the concurrent jurisdiction of the federal district court by filing his complaint in the United States District Court for the Eastern District of Michigan on July 14, 1986.

Shortly thereafter, plaintiff filed a motion to voluntarily dismiss his circuit court complaint without prejudice. Defendant objected to the dismissal and argued that plaintiff had elected his forum and could not therefore dismiss the case and be free to try the same issues in another suit. After a hearing, the trial court dismissed the case with prejudice.

MCR 2.504(A) governs the terms of voluntary dismissals. It provides in subsection (1) that a dismissal is a matter of right if filed before the filing of defendant's answer or if based on a stipulation of all the parties. Subsection (1) does not apply in this case because defendant filed its answer and refused to stipulate to the dismissal of the action.

MCR 2.504(A)(2) provided the only means by which voluntary dismissal could be implemented, and, pursuant to that subsection, plaintiff sought the order of the circuit court to dismiss the action without prejudice and under terms specifically stating that there had been no adjudication on the merits. Subsection (2) specifically states:

Except as provided in subrule (A)(1), an action may not be dismissed at the plaintiff's request

* Circuit judge, sitting on the Court of Appeals by assignment.

except by order of the court on terms and conditions the court deems proper.

After hearing argument of the issue, the trial court dismissed the case with prejudice.

MCR 2.504 is based upon former GCR 1963, 504. Under the former rule, which, in pertinent part, was identical to MCR 2.504(A)(2), this Court ruled that an appellate court will not set aside a grant or denial of a voluntary dismissal unless it can be said that the lower court's action was without justification. *Rosselott v Muskegon Co,* 123 Mich App 361, 373; 333 NW2d 282 (1983), lv den 418 Mich 869 (1983). In affirming the lower court's dismissal of the action with prejudice, this Court noted:

> It is clear that the trial court weighed the competing interests of the parties, and we find unpersuasive plaintiffs' argument that the trial court abused its discretion in denying their motion for voluntary dismissal without prejudice. [*Rosselott, supra,* p 376.]

The trial court in this matter, as in *Rosselott,* weighed the respective positions of the parties and, recognizing that it had concurrent jurisdiction with the federal court where a similar action was pending, agreed to grant plaintiff's motion for voluntary dismissal, but only on terms which would prohibit the plaintiff from coming back later to the state court.

The jurisdiction of the state and federal court on the issues presented by plaintiff in this complaint is concurrent.

> As a general rule, the exercise of concurrent jurisdiction is controlled by the principle of prior-

ity. According to this principle, the court of con-
current jurisdiction that first exercises it thereby
acquires exclusive jurisdiction to further proceed
in the case.

*   *   *

Although in the relation between courts belong-
ing to one jurisdiction, the priority principle ap-
plies irrespective of whether an action in rem or
in personam is involved, there are numerous cases
to the effect that as between federal and state
courts, the principle applies only to actions in rem,
and not to actions in personam. [20 Am Jur 2d,
Courts, § 128, p 481.]

The issues involved in the state and federal
courts are in personam, and, therefore, concurrent
jurisdiction exists.

[I]t is settled that where the judgment sought is
strictly in personam, both the state court and the
federal court, having concurrent jurisdiction, may
proceed with the litigation at least until judgment
is obtained in one of them which may be set up as
res judicata in the other. On the other hand, if the
two suits are in rem or quasi in rem, so that the
court or its officer has possession or must have
control of the property which is the subject of the
litigation in order to proceed with the cause and
grant the relief sought the jurisdiction of the one
court must yield to that of the other. [*Princess
Lida of Thurn & Taxis v Thompson*, 305 US 456,
466; 59 S Ct 275; 83 L Ed 285 (1939). See also
*Grubb v Public Utilities Comm of Ohio*, 281 US
470; 50 S Ct 374; 74 L Ed 972 (1930).]

The issue was created by plaintiff in filing simi-
lar actions in both the state and federal courts. In
light of such choice, the trial court refused to
permit plaintiff to withdraw from the state action
without prejudice. Under the facts in this case and
given the plaintiff's knowledge of concurrent juris-

diction and the potential effect of his motion, the trial court's ruling was not without justification.

The final choice whether to accept the conditions imposed by the trial court was with the plaintiff. Accord *Scholl v Felmont Oil Corp*, 327 F2d 697 (CA 6, 1964). In *Scholl,* the court stated:

> There was no requirement that the appellant agree to the entry of this order. It was an alternative available to appellant in lieu of proceeding with the trial. [327 F2d 700.]

The trial court did not abuse its discretion under MCR 2.504(A) in granting voluntary dismissal with prejudice.

Affirmed.