MLECZKO v STAN'S TRUCKING, INC

Docket No. 120206. Submitted December 11, 1991, at Detroit. Decided March 2, 1992, at 9:10 A.M.

James A. Mleczko and others brought an action in the Macomb Circuit Court against Stan's Trucking, Inc., and others. The plaintiffs moved for voluntary dismissal without prejudice. Following a hearing, the court, Michael D. Schwartz, J., determined that the complaint should be dismissed with prejudice and with $3,000 in costs awarded to the defendants. The plaintiffs sought to withdraw the motion, asserting that they had a right to elect to proceed to trial rather than accept dismissal on the conditions imposed by the court. The court then entered its order of dismissal with prejudice and awarded $3,000 in costs to the defendants. The plaintiffs appealed.

The Court of Appeals *held*:

The trial court abused its discretion by refusing to address the plaintiffs' election to go to trial and by dismissing the action with prejudice and assessing costs. An action may be dismissed at the plaintiff's request by order of the court on terms and conditions the court deems proper. However, the final choice whether to accept the conditions imposed by the trial court or to proceed to trial lies with the plaintiff.

Reversed.

*P. David Palmiere,* for the plaintiffs.

*John A. Dolan,* for Stan's Trucking, Inc.

*Nedelman & August* (by *Herbert M. August*), for Thomas Kaszubski and Sharon Vadalabene.

Before: MICHAEL J. KELLY, P.J., and SULLIVAN and CONNOR, JJ.

MICHAEL J. KELLY, P.J. This case involves review of a trial court's decision to grant plaintiffs-

appellants' motion for voluntary dismissal under MCR 2.504(A).

On April 10, 1989, plaintiffs moved for voluntary dismissal without prejudice. A hearing on the motion was held on April 17, 1989, at which the trial court determined that the complaint should be dismissed with prejudice and with $3,000 in costs awarded to the defendants. Plaintiffs then sought to withdraw the motion, asserting that they had a right to elect to proceed to trial rather than accept dismissal on the conditions imposed by the court. Plaintiffs' counsel asserted:

> . . . I have a right to elect and go to trial. The motion doesn't convert to one with prejudice just because the defendants are arguing against it. I am ready to go to trial.

The court responded: "That is the order of the court."

An order of dismissal with prejudice and with costs totaling $3,000 awarded to the various defendants was entered on August 7, 1989. Plaintiffs appeal as of right.

A motion to grant voluntary dismissal made by the plaintiff is addressed to the sound discretion of the trial court and will not be reversed absent an abuse of discretion. *Davis v Koch,* 118 Mich App 529, 535; 325 NW2d 482 (1982); *African Methodist Episcopal Church v Shoulders,* 38 Mich App 210, 212; 196 NW2d 16 (1972). This Court will not set aside a grant or denial of a voluntary dismissal unless it can be said that the lower court's action was without justification. *Padgitt v Lapeer Co General Hosp,* 166 Mich App 574, 576; 421 NW2d 245 (1988), citing *Rosselott v Muskegon Co,* 123 Mich App 361, 373; 333 NW2d 282 (1983).

MCR 2.504(A) governs the voluntary dismissal of

actions. 3 Martin, Dean & Webster, Michigan Court Rules Practice, Rule 2.504, p 51, explains the rule:

> First, the plaintiff may submit a motion for voluntary dismissal which states the terms and conditions acceptable to plaintiff. The court may then grant or deny that motion. Secondly, the plaintiff may submit a general motion for voluntary dismissal, and should the court indicate that the motion will be granted only on certain terms and conditions, indicate to the court at that time whether or not the proposed conditions are acceptable. ·

MCR 2.504(A)(2)[1] applies in this case. No other explanation or discussion was offered by the court. The final choice whether to accept the conditions imposed by the trial court lies with the plaintiff. *Padgitt, supra* at 578.

The trial court abused its discretion by refusing to address plaintiffs' election to go to trial and by entering its order that dismissal was with prejudice and adding an assessment of costs.

Defendants note that the Court in *Padgitt* sustained a dismissal with prejudice and argue that its language affording the plaintiffs the final choice whether to accept the conditions was dicta. Although *Padgitt* cites federal case law, it applied the cited reasoning to MCR 2.504(A)(2) and only affirmed because the plaintiff did not choose to proceed in the circuit court. Here, plaintiffs elected to proceed in the circuit court rather than accept the conditions. *Rosselott, supra,* is easily distinguishable.

Reversed.

---

[1]    By Order of Court. Except as provided in subrule (A)(1), an action may not be dismissed at the plaintiff's request except by order of the court on terms and conditions the court deems proper.