# STATE OF MICHIGAN

# COURT OF APPEALS

RONALD A. MARTINEZ,

Plaintiff-Appellee,

v

ROSE A. DEGIULIO, formerly known as ROSE
A. DEGIULIO-MARTINEZ,

Defendant-Appellant.

UNPUBLISHED
July 30, 2015

No. 321616
Wayne Circuit Court
Family Division
LC No. 13-100568-DO

Before: WILDER, P.J., and SHAPIRO and RONAYNE KRAUSE, JJ.

PER CURIAM.

Defendant appeals as of right the trial court's entry of the judgment of divorce, premised on an arbitration award detailing the division of marital property. On appeal, defendant argues that the trial court erred when it entered the arbitration award because defendant did not validly consent to the arbitration; it proceeded in defendant's absence making the arbitration process invalid; the arbitrator refused to hear evidence material to the case; and the arbitration process was void as it concluded after the divorce case was dismissed. We affirm.

"We review de novo a trial court's decision on a motion to enforce, vacate, or modify an arbitration award." *Bayati v Bayati*, 264 Mich App 595, 597-598; 691 NW2d 812 (2004). This Court reviews a trial court's entry of a voluntary dismissal, entry of a no-progress dismissal, and decision to reinstate an action after it has been dismissed for an abuse of discretion. *Wickings v Arctic Enterprises, Inc*, 244 Mich App 125, 138; 624 NW2d 197 (2000); *Mleczko v Stan's Trucking, Inc*, 193 Mich App 154, 155; 484 NW2d 5 (1992); *Bolster v Monroe Co Bd of Rd Comm'rs*, 192 Mich App 394, 399; 482 NW2d 184 (1991).

Parties in a domestic relations dispute are permitted to agree to binding arbitration per the Domestic Relations Arbitration Act (hereafter "DRAA"). *Harvey v Harvey*, 470 Mich 186, 189; 680 NW2d 835 (2004), citing MCL 600.5072. "[T]he DRAA requires a written arbitration agreement setting out the subject of the arbitration and the arbitrator's powers." *Miller v Miller*, 474 Mich 27, 34; 707 NW2d 341 (2005), citing MCL 600.5071 and 5072(1)(2). MCL 600.5071 allows for parties in a divorce action to "stipulate to binding arbitration by a signed agreement that specifically provides for an award" with respect to a variety of issues including: "allocation

-1-

of the parties' responsibility for debt as between the parties;" "real and personal property;" and any "other contested domestic relations matters." MCL 600.5072 provides, in relevant part:

> (1) The court shall not order a party to participate in arbitration unless each party to the domestic relations matter acknowledges, in writing or on the record, that he or she has been informed in plain language of all of the following:
>
> (a) Arbitration is voluntary.
>
> (b) Arbitration is binding and the right of appeal is limited.
>
> (c) Arbitration is not recommended for cases involving domestic violence.
>
> (d) Arbitration may not be appropriate in all cases.
>
> (e) The arbitrator's powers and duties are delineated in a written arbitration agreement that all parties must sign before arbitration commences.
>
> (f) During arbitration, the arbitrator has the power to decide each issue assigned to arbitration under the arbitration agreement. The court will, however, enforce the arbitrator's decisions on those issues.
>
> (g) The party may consult with an attorney before entering into the arbitration process or may choose to be represented by an attorney throughout the entire process.
>
> (h) If the party cannot afford an attorney, the party may wish to seek free legal services, which may or may not be available.
>
> (i) A party to arbitration will be responsible, either solely or jointly with other parties, to pay for the cost of the arbitration, including fees for the arbitrator's services. In comparison, a party does not pay for the court to hear and decide an issue, except for payment of filing and other court fees prescribed by statute or court rule for which the party is responsible regardless of the use of arbitration.

When the parties enter into a stipulated order that satisfies the requirements of the DRAA, there is no requirement that there also be an agreement separate from the stipulated order. *Miller*, 474 Mich at 34. "As long as the parties agree to some document that meets the minimal requirements of MCL 600.5071 and MCL 600.5072(1)(e), the agreement is sufficient." *Id*. at 34-35.

> A court must vacate an arbitration award under the DRAA when:
>
> (a) The award was procured by corruption, fraud, or other undue means.
>
> * * *
>
> (d) The arbitrator refused to postpone the hearing on a showing of sufficient cause, refused to hear evidence material to the controversy, or otherwise

-2-

conducted the hearing to prejudice substantially a party's rights. [*Cipriano v Cipriano*, 289 Mich App 361, 367-368; 808 NW2d 230 (2010), quoting MCL 600.5081(2).]

"In order for a court to vacate an arbitration award because of an error of law, the error must have been so substantial that, but for the error, the award would have been substantially different." *Id*. at 368.

Defendant first argues that the arbitration process was invalid because she did not sign the matrimonial arbitration agreement prior to the start of the arbitration, but instead, signed it on the second day of the arbitration. Thus, defendant argues she did not consent to the arbitration, as required by MCL 600.5072(1)(e). Her argument is without merit. Prior to the first day of arbitration, both parties signed a comprehensive consent order for binding arbitration. This consent order contains precisely the same language as found in MCL 600.5072(1) detailing the features of arbitration that the parties must be aware of before they consent. Therefore, the parties were not required to sign the matrimonial arbitration agreement for the consent to arbitration to be valid; they had already consented to it through the comprehensive consent order. See *Miller*, 474 Mich at 34-35.

Second, defendant argues that this Court must vacate the entry of the judgment of divorce because the arbitrator refused to postpone the hearing, despite defendant being ill on the date scheduled for the hearing, which constitutes "undue means" pursuant to MCL 600.5081(2)(a). Defendant further argues that the arbitrator refused to hear evidence that was material to the controversy, and therefore, this Court must vacate the arbitration award under MCL 600.5081(2)(d). Specifically, defendant argues that the arbitrator refused to hear evidence that plaintiff destroyed defendant's property; that defendant had to pay for lodging after plaintiff shut off the utilities at the marital home; that plaintiff filed taxes in such a way as to reap the benefits of defendant's tax status, leaving defendant owing $2,500 in taxes; that spousal support was justified due to the disparity in the incomes of the parties and defendant's ailing health; that there was no equity in defendant's Sterling Heights home; that plaintiff used thousands of dollars from defendant's social security monies for his own personal use; and that plaintiff's retirement account should have been split between the parties. We disagree.

As an initial matter, defendant failed to properly move to vacate the arbitration award. MCL 600.5081 requires:

> (4) An application to vacate an award on grounds stated in subsection (2)(a) shall be made within 21 days after the grounds are known or should have been known.

* * *

> (6) Other standards and procedures relating to review of arbitration awards described in subsection (1) are governed by court rule.

The Michigan court rules require that a request for an order to vacate an arbitration award in a domestic relations matter be made by motion within 21 days after the date of the arbitration award. MCR 3.602(J)(3). This is a mandatory provision. *Vyletel-Rivard v Rivard*, 286 Mich App 13, 25; 777 NW2d 722 (2009).

In order to succeed in either of her claims under MCL 600.5081(2), defendant was required to move the trial court to vacate the arbitration award within 21 days after the arbitration award entered. After the arbitrator considered defendant's motion regarding errors and omissions, the final arbitration award was issued on March 7, 2014, and it was served on the parties via fax and e-mail on March 10, 2014. Therefore, defendant had 21 days from March 10, 2014, to file a motion to vacate. After thoroughly reviewing the lower court record, this Court found defendant did not object to the arbitration and award until a hearing before the trial court one month later, on April 11, 2014. Furthermore, there is no record that defendant ever submitted a written motion to vacate the arbitration or arbitration award. Where the injured party fails to move in "the circuit court for vacation or modification of an arbitrator's award," within 21 days, the circuit courts duty to "review the award" is not triggered. MCL 600.5081(1); MCR 3.602(J)(2); MCR 3.602(K)(2). Thus, defendant has no basis for relief.

Even if defendant had a basis for relief, her arguments lack merit. On the first day of arbitration, defendant's counsel knew that she was ill, but agreed to proceed during the first day of arbitration in her absence. It is well settled that an attorney is presumed to have authority to act on behalf of his client. *Kloian v Domino's Pizza LLC*, 273 Mich App 449, 453; 733 NW2d 766 (2006). Furthermore, defendant did not object to the continuation of the arbitration in her absence until months later when she asked the trial court to vacate the arbitrator's opinion and award in April, 2014. Regarding defendant's claims that the arbitrator refused to hear evidence that was material to her claim, she fails to support this allegation. This Court is not required to "search the record for factual support for a party's claim." *McIntosh v McIntosh*, 282 Mich App 471, 485; 768 NW2d 325 (2009). Furthermore, the record does not appear to support her claims. The arbitrator's opinion discusses that defendant testified regarding her allegations that plaintiff "ruined the condition" of her home, plaintiff's friends stole items out of the home, plaintiff misappropriated defendant's social security funds during the marriage, and that defendant should be entitled to spousal support. Furthermore, the arbitrator's opinion also discusses that defendant presented testimony regarding the value of the Sterling Heights home and that her son testified on her behalf.

Finally, defendant argues that the judgment of divorce is invalid because it was entered on the basis of an arbitration award that was finalized after the divorce case was dismissed. This argument also lacks merit.

MCR 2.502(C) provides, in relevant part,

> Reinstatement of Dismissed Action. On motion for good cause, the court may reinstate an action dismissed for lack of progress on terms the court deems just. On reinstating an action, the court shall enter orders to facilitate the prompt and just disposition of the action.

Our Michigan Supreme Court issued an administrative order in 2013 that contained guidelines for judges regarding how quickly certain cases should be resolved on their dockets. Administrative Order No. 2013-12, 495 Mich cxx (2013). Pertinent to this action, the order provides that in divorce proceedings without children, 85% of cases should be adjudicated within 182 days from the date of case filing and 98% should be adjudicated within 364 days. *Id*. at cxxiii. This was revised from Administrative Order 2011-3, which gave the suggested guideline

that 100% of divorce cases without children be adjudicated within 364 days. *Id*. Apparently, in the instant case, the trial court and parties assumed that the case must be adjudicated within one year. The trial court entered an order for dismissal with the right to reinstate once defendant was able to file her objections to the arbitrator's award and the arbitrator ruled on these objections, in order to make the case appear resolved within the one year guideline.

Notably, these directives are mere guidelines and not a legal basis for dismissal of an action pursuant to the court rules. Defendant argues the court lacked good cause to reinstate the action. The defendant makes a number of arguments regarding the court's lack of "good cause;" however, all of the arguments are mere statements without reference to authority and without analysis. A party may not simply assert an argument and leave it to this Court to find facts and rationalize a claim. *McIntosh*, 282 Mich App at 485. Furthermore, defendant has no grounds to challenge the reinstatement after dismissal because her counsel consented to the dismissal. Defendant understood that the dismissal was solely for the purposes of achieving resolution in one year as directed in the administrative order, and that the trial court would reinstate the case once the final arbitration award was rendered. "A party is not allowed to assign as error on appeal something which his or her own counsel deemed proper at trial since to do so would permit the party to harbor error as an appellate parachute." *Dresselhouse v Chrysler Corp*, 177 Mich App 470, 477, 422 NW2d 705, 709 (1989). In essence, defendant consented that a final arbitration award was good cause for reinstatement of the divorce action. Therefore, defendant is not entitled to relief.

Affirmed.

/s/ Kurtis T. Wilder
/s/ Douglas B. Shapiro
/s/ Amy Ronayne Krause