# STATE OF MICHIGAN

# COURT OF APPEALS

TOM NOWACKI,

        Plaintiff-Appellee,

v

DEPARTMENT OF CORRECTIONS,

        Defendant-Appellant.

FOR PUBLICATION
March 14, 2017
9:00 a.m.

No. 330255
Court of Claims
LC No. 15-000154-MZ

Before: RONAYNE KRAUSE, P.J., and O'CONNELL and METER, JJ.

RONAYNE KRAUSE, P.J.

In this class action lawsuit, defendant appeals by right the Court of Claims order granting plaintiff a voluntary dismissal of his claims for injunctive and declaratory relief. This action was originally filed in circuit court and was previously appealed. After remand, defendant transferred the equitable and declaratory claims to the Court of Claims pursuant to MCL 600.6404(3), leaving the claims for monetary damages pending and stayed in the circuit court pursuant to MCL 600.6421(2). Plaintiff sought to dismiss the equitable claims in order to continue the proceedings in circuit court, and the Court of Claims, in a thoughtful and thorough opinion, crafted a *conditional* dismissal along with, among other things, certain requirements for providing notice to the class. We affirm.

The previous appeal to this Court concerned the circuit court's grant of class certification. We previously provided the following background to this case:

> In this employment discrimination class action, plaintiff alleges that certain policies enacted by defendant at the Women's Huron Valley Correctional Facility (WHV), defendant's only facility that houses women prisoners, discriminate against male correction officers in violation of the Civil Rights Act (CRA), MCL 37.2101 *et seq*.
>
> * * *
>
> Before 2009, several lawsuits were brought against defendant alleging that some of its staff were sexually abusing female prisoners. Settlement agreements

-1-

were reached in these cases. In response, defendant sought, and the Michigan Civil Service Commission approved, the use of bona fide occupational qualifications (BFOQs),[1] which ensured that only women could be employed for certain positions at WHV. Plaintiff's lawsuit in the underlying action alleges that defendant applied these BFOQs over broadly, improperly denying him and other men opportunities for various job assignments and overtime work. [*Nowacki v Dep't of Corrections*, unpublished opinion per curiam of the Court of Appeals, issued August 19, 2014 (Docket No. 315969), p 1 (*Nowacki I*).]

In *Nowacki I*, we affirmed the circuit court's grant of class certification, and our Supreme Court denied leave to appeal, *Nowacki v Dep't of Corrections*, 498 Mich 859; 858 NW2d 28 (2015).

After defendant transferred the equitable and declaratory claims to the Court of Claims, plaintiff moved to dismiss those claims in order to expedite resolution of the monetary claims, which plaintiff asserted were "the primary objective of the class." Over defendant's objection,[2] the Court of Claims conditionally granted that dismissal, requiring that the class notice in circuit court must inform the putative class members of the dismissal of the class's claim for that relief and of their right to seek that relief in the Court of Claims if they were to elect their right to be excluded from the class action. Except as to members who opted out of the class, the order was binding on the class and constituted a dismissal with prejudice of the class's claims for injunctive and declaratory relief.

We review a grant of voluntary dismissal for an abuse of discretion. *Mleczko v Stan's Trucking, Inc*, 193 Mich App 154, 155; 484 NW2d 5 (1992). Under MCR 3.501(E), "[a]n action certified as a class action may not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to the class in such manner as the court directs." That language confers broad discretion on the court issuing notice, so we will also review the manner of notice chosen by the Court of Claims for an abuse of discretion. "An abuse of discretion occurs when the trial court chooses an outcome falling outside the range of principled outcomes." *Edry v Adelman*, 486 Mich 634, 639; 786 NW2d 567 (2010). We review de novo the construction and application of a court rule. *Kloian v Domino's Pizza LLC*, 273 Mich App 449, 456; 733 NW2d 766 (2006).

---

[1] The Elliot-Larsen Civil Rights Act, which prohibits an employer from "discriminat[ing] against a person on the basis of sex with respect to a term, condition, or privilege of employment," MCL 37.2202(1)(c), provides that "[a] person subject to this article may apply to the commission for an exemption on the basis that . . . sex is a bona fide occupational qualification reasonably necessary to the normal operation of the business or enterprise." MCL 37.2208. "An employer may have a bona fide occupational qualification on the basis of . . . sex . . . without obtaining prior exemption from the commission" but bears "the burden of establishing that the qualification is reasonably necessary to the normal operation of the business." MCL 37.2208.

[2] The notability of a defendant objecting to the dismissal of claims against it is not lost on us.

Defendant first argues that it was improper for the Court of Claims to approve dismissal of the class's claim for injunctive and declaratory relief when the putative class members had not yet been provided notice of the underlying action and their corresponding rights as required by MCR 3.501(C).[3] The language used by MCR 3.501(E) does appear to presume that notice of the initial action has already been provided to the class. However, nothing in MCR 3.501 expressly precludes a dismissal under MCR 3.501(E) when notice as required by MCR 3.501(C) has not yet been provided. The Court of Claims determined that it would "serve the interests of judicial economy and efficiency" to incorporate notice of the dismissal *into* the general notice of the action that would eventually be provided to the class members in the circuit court proceedings. We find no abuse of discretion in making the two notices contemporaneous. Indeed, as we will discuss further, in light of defendant's insistence on unnecessarily bifurcating this action, we find that the trial court arrived at the only solution defendant made possible.

Defendant next argues that "post-dismissal notification" to the class members is inadequate to comply with MCR 3.501(E). MCR 3.501(E)'s requirement that the class be notified of a *proposed* order strongly suggests that prior notice was intended. Precedent from the federal courts[4] suggests that part of the purpose of MCR 3.501(E) is to afford class members an opportunity to object to a proposed dismissal or settlement. See *Shelton v Pargo, Inc*, 582 F 2d 1298, 1303 (CA 4, 1978) (interpreting the then similar Fr Civ P 23(e)[5]). Although the Court of Claims ordered that a member who elects to be excluded from the class action may file a claim for injunctive or declaratory relief, it clearly did dismiss the class's claims for that relief *before* providing notice to the class members of that proposed action. Therefore, at least in theory, a hypothetical class member who wishes to remain in the class and desires equitable relief has arguably been prejudiced by the lack of pre-dismissal notice.

However, under the particular circumstances of this case, the decision to afford notice to the class members after dismissal was not an abuse of discretion. First, the court rules do not practically contemplate the procedural scenario at bar of a bifurcated class action. Consequently,

---

[3] MCR 3.501(C) requires the court to issue notice to the class members informing them of the nature of the action and their various rights as class members. MCR 3.501(C)(3) provides in part that "[a]s soon as practicable, the court shall determine how, when, by whom, and to whom the notice shall be given; the content of the notice; and to whom the response to the notice is to be sent." "Reasonable notice of the action shall be given to the class in such manner as the court directs." MCR 3.501(C)(4)(a).

[4] When interpreting the Michigan Court Rules, a court may consider federal precedent interpreting a similar federal rule for its persuasive value. See *State ex rel Gurganus v CVS Caremark Corp*, 496 Mich 45, 70 n 3; 852 NW2d 103 (2014).

[5] Prior to 2003, Federal Rule of Civil Procedure 23(e) was substantially similar to MCR 3.501(E), providing that "[a] class action shall not be dismissed or compromised without the approval of the court, and notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs." *All Plaintiffs v All Defendants*, 645 F 3d 329, 332 (CA 5, 2011), quoting FR Civ P 23(e) (1999).

the courts simply must be permitted the flexibility and latitude to manage the cases before them by exercising their "inherent powers" as consistent with the spirit of the Court Rules as practicable and appropriate to the situation. See *Brenner v Kolk*, 226 Mich App 149, 157-160; 573 NW2d 65 (1997). The Court of Claims reasonably determined that, defendant having effectively backed it and plaintiff into a corner, judicial resources would be best preserved and the proceedings expedited by issuing one notice to the class instead of two.

Furthermore, plaintiff maintained that monetary relief was the class's "primary objective," the pursuit of which would be best advanced by dismissing the claims pending in the Court of Claims in order to resume the proceedings in the circuit court. Plaintiff also maintained that the putative class members were all actually aware of the proposed action, attaching to its motion for dismissal a posting on a website created for the class action that set forth the aforementioned reasoning behind the proposed action. The identities of the putative class members (former and current male corrections officers at WHV) were likely actually, even if not formally, known by both parties, so we find it reasonable for the Court of Claims to have determined that the members were indeed aware of the pending voluntary dismissal. Because of the prolonged history of this case, even more unnecessarily prolonged by the bifurcation, it is equally reasonable to conclude that the putative class members likely supported the voluntary dismissal.

In any event, it is pure conjecture whether the class members would have objected to the proposed dismissal. The Court of Claims went to great lengths in its order to ensure that any class member who elects to be excluded from the class may bring an action in that court for injunctive and declaratory relief, thereby minimizing any prejudice to a class member who seeks that relief. Giving deference to the broad discretion afforded to the Court of Claims in determining the manner of notice under MCR 3.501(E), we cannot say that it arrived at an unprincipled outcome. *Adelman*, 486 Mich at 639.

Finally, defendant argues that it will be unduly prejudiced by the dismissal because it now faces the possibility of having to defend multiple actions in different forums. Defendant's assertion is at best a mirage. That possibility is always inherent in class actions: only class members "who have not submitted an election to be excluded" are bound by a class action judgment, and class members always had the right to elect to be excluded. MCR 3.501(D)(5). Under the circumstances, we perceive no reason why the probability of class members doing so has materially increased. Consequently, we fail to perceive how the voluntary dismissal with prejudice of certain class claims has prejudiced defendant. We further note that defendant *could* have stipulated to joinder of all claims in the Court of Claims, pursuant to MCL 600.6421(3), as plaintiff apparently[6] requested. Defendant's accusation of *plaintiff* engaging in dilatory, obstructive, delaying, or prejudicial tactics is presumptuous. *If* defendant has sustained any

---

[6] At oral argument, we directly asked counsel for defendant whether, as plaintiff asserted in his brief on appeal, plaintiff did in fact ask defendant to stipulate to joinder. Defendant did not provide us with an answer, even an implied answer, to the question we asked, but did admit that the bifurcation was entirely defendant's doing.

-4-

prejudice, which as noted we do not find, it brought a great deal of that prejudice down upon itself with its insistence on a totally unnecessary bifurcation. We are not inclined to ignore the practical ramifications of undertaking a particular procedural strategy, even if that strategy is entirely within the party's legal rights. The Court of Claims resolved the situation presented to it as elegantly, fully, and fairly as the tools it was provided could allow.

Affirmed.

/s/ Amy Ronayne Krause
/s/ Peter D. O'Connell
/s/ Patrick M. Meter