McKELVIE v CITY OF MOUNT CLEMENS

Docket No. 117636. Submitted January 15, 1992, at Detroit. Decided February 18, 1992, at 9:00 A.M. Leave to appeal sought.

Frank McKelvie and others brought an action in the Macomb Circuit Court against the City of Mount Clemens, seeking damages for injuries received by Frank McKelvie in an automobile accident in the city. The plaintiffs then filed an action in the federal district court for the Eastern District of Michigan against the city and others, seeking damages for the same injuries from the same accident. The plaintiffs then moved to dismiss the circuit court action without prejudice, and the defendant moved for summary disposition. The court, Robert J. Chrzanowski, J., declined to consider the defendant's motions and entered orders granting the plaintiffs' motion for voluntary dismissal without prejudice and imposing costs and attorney fees upon the plaintiffs. The plaintiffs appealed from the order requiring them to pay the defendant's costs and attorney fees, and the defendant cross appealed from the order of voluntary dismissal.

The Court of Appeals held:

1. A trial court has discretion to dismiss an action at the request of a plaintiff upon terms and conditions that the court deems proper. The court may condition a grant of voluntary dismissal upon the payment of costs and attorneys fees, but the party seeking voluntary dismissal must be given a choice either to proceed to trial or to accept the dismissal on the terms and conditions established by the court. The amount of costs and attorney fees to be imposed, if disputed, should be determined after an evidentiary hearing. The plaintiffs were not given an opportunity to decline the grant of the voluntary dismissal conditioned upon the payment of costs and attorneys fees, and,

REFERENCES

Am Jur 2d, Costs § 18; Dismissal, Discontinuance, and Nonsuit §§ 39, 40.

Contruction, as to terms and conditions, of state statute or rule providing for voluntary dismissal without prejudice upon such terms and conditions as state court deems proper. 34 ALR4th 778.

therefore, reversal and remand is required so that they may be given such an opportunity.

2. The court did not abuse its discretion in granting the voluntary dismissal or in dismissing the action without first requiring that the plaintiffs actually make payment.

3. The issue whether the court erred in failing to grant the defendant's motions for summary disposition was not preserved for review.

Reversed and remanded.

1. ACTIONS — VOLUNTARY DISMISSAL — CONDITIONS.

A court may dismiss an action at the plaintiff's request upon terms and conditions that the court determines are proper; a court may condition a grant of voluntary dismissal upon the payment of costs and attorney fees, but the party seeking the dismissal must be given a choice either to proceed to trial or to accept dismissal on the terms and conditions established by the court (MCR 2.504[A][2]).

2. ACTIONS — VOLUNTARY DISMISSAL — CONDITIONS — COSTS — ATTORNEY FEES.

The amount of costs and attorney fees to be imposed upon a plaintiff as a condition of the voluntary dismissal of an action, if disputed, should be determined after an evidentiary hearing; where the same action is being brought in another forum, the plaintiff should not be required to pay the defendant's costs and attorney fees to the extent that the work product from the action to be dismissed is usable in the action in the other forum (MCR 2.504[A][2]).

3. ACTIONS — VOLUNTARY DISMISSAL — COSTS — ATTORNEY FEES.

A trial court may enter separate orders for the voluntary dismissal of an action and to require the plaintiff to pay the defendant's costs and attorney fees without first requiring the plaintiff to actually pay such costs and attorney fees (MCR 2.504[A][2]).

*Alan H. Broad, P.C.* (by *Alan H. Broad*), for the plaintiffs.

*Plunkett & Cooney, P.C.* (by *John P. Jacobs* and *Timothy P. Flynn*), for the defendant.

Before: MURPHY, P.J., and CAVANAGH and CONNOR, JJ.

Murphy, P.J. Plaintiffs appeal from orders of the circuit court requiring them to pay defendant City of Mt. Clemens' costs and attorney fees of $35,242.84. The Court also entered an order granting plaintiffs' motion for voluntary dismissal without prejudice of their action against defendant. Defendant cross appeals from the order of voluntary dismissal. We reverse and remand.

Plaintiff Frank McKelvie was injured in an automobile accident in the City of Mt. Clemens and, as a result, was rendered a paraplegic. Plaintiffs filed this action against defendant in Macomb Circuit Court, alleging that defendant had failed to place signs and signals properly at the intersection where the accident occurred.

Plaintiffs later moved to Florida and filed an action in the federal district court for the Eastern District of Michigan against the City of Mt. Clemens, General Motors Corporation, Detroit Edison Company, and Florence Cement Company. The federal suit involved the same injuries arising from the same accident at issue in the Macomb Circuit Court action.

Plaintiffs then moved to dismiss the circuit court action without prejudice. Defendant opposed the motion and moved for summary disposition of the circuit court action on various grounds, including governmental immunity and accord and satisfaction, claiming that plaintiffs had previously accepted defendant's settlement offer. The circuit court declined to consider defendant's motions for summary disposition, granted plaintiffs' motion for voluntary dismissal without prejudice, and ordered that plaintiffs pay defendant's actual costs and attorney fees.

Because of plaintiffs' objections, the circuit court held an evidentiary hearing regarding the issue of costs and attorney fees. After plaintiffs' counsel

argued financial hardship, the circuit court agreed that, although the dismissal required them to pay costs and attorney fees, plaintiffs did not have to make payment before obtaining the dismissal. The circuit court entered an order granting plaintiffs' motion for voluntary dismissal without prejudice and a separate order imposing costs and attorney fees upon plaintiffs.

Plaintiffs dispute the authority of the circuit court to impose attorney fees and costs in connection with a voluntary dismissal. Generally, attorney fees are not recoverable unless expressly authorized by statute or court rule. This rule is especially significant in our jurisprudence to prevent trial courts from utilizing economic sanctions against litigants who desire to exercise their constitutional right to a jury trial. MCR 2.504(A)(2), however, permits a trial court to dismiss an action at the request of a plaintiff upon terms and conditions that the trial court determines are proper. We have held that under former GCR 1963, 504.1(2), upon which MCR 2.504 is based, a trial court may impose costs and attorney fees as a condition of voluntary dismissal. *Davis v Koch,* 118 Mich App 529, 534; 325 NW2d 482 (1982). We hold that similarly, under MCR 2.504(A)(2), a trial court has discretion to *condition* a grant of voluntary dismissal upon the payment of costs and attorney fees.[1] However, to assure that economic intimidation does not interfere with a basic constitutional right, a party seeking a voluntary dismissal must be given a choice to either proceed to trial or accept a dismissal on the terms and conditions established by the trial court.

---

[1] We distinguish *Canton Twp v Kaufman,* 87 Mich App 719; 276 NW2d 505 (1979), which involved a condemnation action where attorney fees were specifically authorized by MCL 213.37; MSA 8.27 and limited to the amount of $25.

The amount of the costs and attorney fees to be imposed upon a plaintiff as a condition of voluntary dismissal, if disputed, should be determined after an evidentiary hearing. As the federal courts have held in construing the similar federal rule, FR Civ P 41(a)(2), if the same action is being brought in another forum, the plaintiff should not be required to pay the defendant's costs and attorney fees to the extent that the work product from the action to be dismissed is usable in the subsequent action. *Taragan v Eli Lilly & Co, Inc,* 267 US App DC 387, 390; 838 F2d 1337 (1988); *Belkow v Celotex Corp,* 722 F Supp 1547, 1553 (ND Ill, 1989). Contrary to plaintiffs' argument, the evidence presented at the evidentiary hearing in this case does not support a conclusion that the trial court clearly erred when it ruled that the work product from the circuit court action could not be used in the federal action.

At the conclusion of such an evidentiary hearing, if costs and attorney fees are to be imposed as a condition of the voluntary dismissal, the plaintiff should be given an opportunity either to accept the condition or to decline the dismissal and proceed with the action. See *Padgitt v Lapeer Co General Hosp,* 166 Mich App 574, 578; 421 NW2d 245 (1988). In this case, the record does not reflect that plaintiffs were given an opportunity to decline the grant of the voluntary dismissal conditioned upon the payment of costs and attorney fees. Accordingly, we reverse and remand to the circuit court so that plaintiffs may be given an opportunity to either decline the dismissal or accept it and the condition of assessment of costs and attorney fees as determined.

On cross appeal, defendant contends that, under the circumstances of this case, the circuit court abused its discretion in granting the voluntary

dismissal without prejudice because defendant had expended a great deal of time and money preparing for trial. The grant or denial of voluntary dismissal is within the discretion of the trial court. *Rosselott v Muskegon Co,* 123 Mich App 361, 373; 333 NW2d 282 (1983). This Court will not set aside the grant or denial of a voluntary dismissal unless the circuit court's action was without justification. *Padgitt, supra,* 578; *Rosselott, supra,* 373. We conclude that, in this case, the circuit court did not abuse its discretion in granting the voluntary dismissal. Although the dismissal was without prejudice and defendant was still obligated to defend in the federal court, defendant's position was no worse than before the circuit court action. See *African Methodist Episcopal Church v Shoulders,* 38 Mich App 210, 212-213; 196 NW2d 16 (1972).

Defendant also contends that the circuit court abused its discretion in dismissing the action without first requiring that plaintiffs actually make payment. MCR 2.504(A)(2), however, does not include such a requirement. The circuit court did not abuse its discretion in failing to so condition the order of dismissal.

We decline to review defendant's arguments that the circuit court erred in failing to grant defendant's motions for summary disposition. An issue not decided by the trial court is not preserved for review by this Court. *Joy Management Co v Detroit,* 183 Mich App 334, 341; 455 NW2d 55 (1990). We conclude that a miscarriage of justice will not result from our declining to review these issues. *Petrus v Dickinson Co Bd of Comm'rs,* 184 Mich App 282, 288; 457 NW2d 359 (1990). If, on remand, plaintiffs decline to exercise the option to accept a dismissal without prejudice conditioned on the payment of costs and attorney fees, then

defendant is free to pursue its summary disposition motions.

Accordingly, we reverse and remand for proceedings consistent with this opinion. We do not retain jurisdiction.