*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

TODD NEWMAN,

Plaintiff-Appellant,

v

REAL TIME RESOLUTIONS, INC., THE BANK OF NEW YORK MELLON, BANK OF AMERICA, NA, and COUNTRY WIDE HOME LOANS, doing business as AMERICA'S WHOLESALE HOMELENDERS,

Defendants-Appellees.

FOR PUBLICATION
July 21, 2022
9:25 a.m.

No. 357279
St. Clair Circuit Court
LC No. 20-001534-CH

Before: M. J. KELLY, P.J., and MURRAY and BORRELLO, JJ.

PER CURIAM.

In this quiet-title action plaintiff brought against defendants regarding a second mortgage on his home, plaintiff appeals by right the trial court's order dismissing the case with prejudice. On appeal, plaintiff argues that the trial court abused its discretion when it denied his motion to voluntarily dismiss the case without prejudice. We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The primary issue argued here and in the trial court is whether plaintiff can challenge defendants' interests in a second mortgage on plaintiff's property, which they received by way of an assignment of the note and mortgage. On May 11, 2006, a first mortgage on plaintiff's property in Ira Township was recorded in favor of the lender, America's Wholesale Homelenders ("AWL"),[1] to secure a debt of $320,000. The same day, a second mortgage on the property was also recorded in favor of AWL as the lender, securing a debt of $40,000. The original mortgagee for the second mortgage was Mortgage Electronic Registrations System, Inc. ("MERS"), as the

---

[1] While the entity's proper name is "America's Wholesale Homelenders," the parties and documents refer to it as "America's Wholesale Lenders."

-1-

nominee of the lender, AWL. MERS assigned the second mortgage to Real Time Resolutions, Inc. ("RTR"), and the assignment was recorded on February 1, 2021, after this case began. Although it is not clear exactly when the second mortgage was assigned from MERS to RTR, on October 10, 2010, RTR sent plaintiff notice that it would begin servicing his loan payments on the second mortgage, and Bank of America ("BOA") through Countrywide Home Loans[2] would no longer be the servicer. The creditor of the loan is, and was at the time of the assignment, Bank of New York Mellon ("BNYM"), as trustee for CWHEQ, Inc., which holds the mortgage-backed security into which plaintiff's loan was securitized. The notice to plaintiff included a statement that if plaintiff wished to challenge the validity of his mortgage debt, he should notify RTR within 30 days. There is no indication from the record that plaintiff challenged the debt at that time. There is also no record of further changes to the mortgage servicer or the holder of the underlying debt. Only RTR and BNYM continue to claim an interest in the second mortgage. On January 26, 2021, the trial court entered a stipulated order dismissing BOA and AWL from this action with prejudice because they disclaimed any interest in the property.

In 2010 and 2011, plaintiff recorded a number of documents with the St. Clair County Register of Deeds that appear to be an attempt to challenge the ability of the lenders to foreclose on his property. Then, on May 3, 2011, plaintiff recorded a notice of lis pendens that stated if the debt holders attempted to force a foreclosure sale of the property, they would be subjected to criminal penalties. The same day, plaintiff filed a pro se complaint regarding the first mortgage in St. Clair Circuit Court against Countrywide Home Loans and two other financial institutions, which are not parties to this case, alleging breach of contract. That case was removed to the United States District Court for the Eastern District of Michigan, which eventually dismissed the case. Then, in October, 2011, plaintiff filed another pro se complaint in the United States District Court for the Eastern District of Michigan against the law firm and attorneys who were attempting a foreclosure sale on the first mortgage. The federal district court in that case granted summary judgment in favor of the defendants on all counts.

Some nine years later, on September 15, 2020, plaintiff filed the instant complaint. The complaint contained a single count to quiet title to plaintiff's property, alleging that the fact that the assignment of the second mortgage was never recorded created a cloud on his title. In lieu of filing an answer to the complaint, defendants moved for summary disposition, arguing that plaintiff did not plead a prima facie case that his interest was superior to the second mortgage. Defendants also argued that, because plaintiff's personal liability under the note was discharged in a prior bankruptcy, he was not obligated to pay on the note at all, let alone face a position in which he would be required to make double payments because of an improper interest. In response to the motion, plaintiff argued that AWL is a trade name, not a legal entity, and therefore cannot hold interests or file lawsuits, and that a party is required to provide unrecorded evidence of a

---

[2] BOA obtained interest in the loan when it merged with AWL.

conveyance upon request, and defendants had not done so. The trial court denied defendants' motion for summary disposition.[3]

On February 1, 2021, RTR recorded its assignment from MERS. After the assignment was recorded, plaintiff moved for leave to amend his complaint to add a count to "strike" the assignment because it was not signed by the original mortgagee, and therefore invalid. Defendants opposed the motion, arguing that the motion should be denied because plaintiff lacks standing as a third party to challenge the assignment, "striking" an assignment is not a valid cause of action, and plaintiff should be judicially estopped from challenging the second mortgage because he did not do so during his 2009 bankruptcy proceedings. The trial court denied the motion to amend plaintiff's complaint, reasoning that an amendment would be "pointless" because he lacked standing to challenge the assignment. Also, if the motion were granted, the amended complaint would immediately be subject to a motion for summary disposition and rehashing arguments already made.

After arguments on plaintiff's motion, plaintiff filed a motion to dismiss the case without prejudice. Plaintiff argued that the court's ruling that he lacked standing to challenge the assignment of the second mortgage meant his claim for quiet title could not proceed, and the trial court should dismiss the case without prejudice so that he would not be precluded from filing a future claim against defendants. For their part, defendants requested that plaintiff's claim be dismissed with prejudice, pointing out that plaintiff conceded in his motion that his claim was rendered moot by the recording of the assignment, and, accordingly, they would be prejudiced by allowing plaintiff to file any future claims. As noted, the trial court agreed with defendants and dismissed the case with prejudice, reasoning that plaintiff had gone out of his way to cloud his title by recording irrelevant documents, plaintiff filed this lawsuit when he lacked standing to do so, and any claims available to plaintiff should have been brought in this suit. This appeal followed.

## II. STANDARD OF REVIEW

"The grant or denial of voluntary dismissal is within the discretion of the trial court." *McKelvie v Mount Clemens*, 193 Mich App 81, 86; 483 NW2d 442 (1992). A trial court abuses its discretion when its "decision is outside the range of reasonable and principled outcomes." *Saffian v Simmons*, 477 Mich 8, 12; 727 NW2d 132 (2007). A trial court's decision to involuntarily dismiss an action with prejudice is reviewed de novo. *Samuel D Begola Servs, Inc v Wild Bros*, 210 Mich App 636, 639; 534 NW2d 217 (1995). Whether a party has standing is a question of law this Court reviews de novo, *Trademark Props of Mich, LLC v Fed Nat'l Mtg Ass'n*, 308 Mich App 132, 136; 863 NW2d 344 (2014), as it is with our review of actions to quiet title. *Id.* at 138.

## III. DISCUSSION

---

[3] At this point in the trial court proceedings, BOA and AWL were dismissed with prejudice because they disclaimed any interest in the note or mortgage. The only remaining defendants were RTR and BNYM.

For the reasons discussed below, we hold that the trial court did not abuse its discretion when it denied in part plaintiff's motion for voluntary dismissal and, instead, dismissed this case with prejudice.

## A. STANDING TO CHALLENGE AN ASSIGNMENT

Plaintiff brought this quiet-title action under MCL 600.2932, arguing that defendants have not established a chain of title to the assignment of the second mortgage note. In an action to quiet title,

> [a]ny person, whether he is in possession of the land in question or not, who claims any right in, title to, equitable title to, interest in, or right to possession of land, may bring an action in the circuit courts against any other person who claims or might claim any interest inconsistent with the interest claimed by the plaintiff, whether the defendant is in possession of the land or not. [MCL 600.2932(1).]

A plaintiff in a quiet-title action bears the initial burden of establishing a prima facie case to title. *Fed Home Loan Mtg Co v Werme*, 335 Mich App 461, 470; 966 NW2d 729 (2021). A mortgage "is a lien on real property intended to secure performance or payment of an obligation." *Prime Fin Servs, LLC v Vinton*, 279 Mich App 245, 256; 761 NW2d 694 (2008). While a mortgage is a contingent interest in land, the note it secures is personal property which may be transferred to a third party. *Id*. "[T]he transfer of the note necessarily includes a transfer of the mortgage with it." *Werme*, 335 Mich App at 471. "[A] mortgage is merely a 'chose in action'—a secondary incident to the debt to secure its payment through a lien on specific property." *Id*. Rights to a note may be assigned unless clearly restricted, and an assignee stands in the shoes of the assignor, possessing the same rights. *Id*.

With respect to standing,[4] "[t]he purpose of the standing doctrine is to assess whether a litigant's interest in the issue is sufficient to ensure sincere and vigorous advocacy." *Trademark Props of Mich*, 308 Mich App at 136 (quotation marks omitted). Standing poses the question whether a party is the proper plaintiff, not whether the issue is justiciable or whether the claim has merit. *Id*. With respect to assignments, it is a longstanding rule that someone who is not party to an assignment lacks standing to challenge it. *Bowles v Oakman*, 246 Mich 674, 678; 225 NW 613 (1929). In *Bowles*, the Court held that "[t]he maker of a promissory note cannot, in an action

---

[4] Preliminarily, plaintiff is incorrect that when the assignment of the second mortgage was unrecorded it created a cloud on his title. A mortgage must be recorded in order to commence foreclosure by advertisement. MCL 600.3204(1)(c). But an assignment of a mortgage does not have to be recorded unless an assignee is seeking a foreclose sale. MCL 600.3204(3). Even if defendants had attempted to foreclose, "the validity of the foreclosure is not affected by any unrecorded assignment of interest held for security." *Residential Funding Co, LLC v Saurman*, 490 Mich 909, 910; 805 NW2d 183 (2011). The foreclosure statute simply does not require every mortgage to be recorded for the interest to be valid, and no cloud on plaintiff's title was created by defendants.

brought against him by the indorsee or transferee thereof, litigate questions that can properly arise only between the holder and his immediate indorser." *Id*. at 679.

Plaintiff argues that he has the right to challenge an unrecorded assignment on the basis of the validity of the assignee's interest. But as the trial court correctly concluded, under *Bowles* plaintiff lacks standing to challenge the assignment of the second mortgage to defendants. Plaintiff has never argued that the initial second mortgage was invalid or that he held superior interest over the mortgage. His argument both in the trial court and on appeal is solely that defendants have not established a chain of title showing they have a valid interest in the second mortgage. And, as *Bowles* held, that issue is between the assignee and the assignor, not an outsider to the assignment like plaintiff. Given that defendants are claiming their interests in the second mortgage by way of assignment,[5] plaintiff has not shown that he is attacking the validity of the second mortgage interest on any grounds other than the validity of that assignment. Under these circumstances, the trial court was correct when it ruled plaintiff lacks standing to challenge defendants' interests.

## B. DISMISSAL WITH PREJUDICE

Finally, the trial court did not err when it dismissed this case with prejudice. Plaintiff moved for voluntary dismissal under MCR 2.504(A)(2), which provides that "an action may not be dismissed at the plaintiff's request except by order of the court on terms and conditions the court deems proper." MCR 2.504(A)(2). "This Court will not set aside a grant or denial of a voluntary dismissal unless it can be said that the lower court's action was without justification." *Mleczko v Stan's Trucking, Inc*, 193 Mich App 154, 155; 484 NW2d 5 (1992). A motion for voluntary dismissal should not be granted when the defendant would be legally prejudiced by the decision. *McLean v McElhaney*, 269 Mich App 196, 202; 711 NW2d 775 (2005), rev'd on other grounds 480 Mich 978 (2007). An order of dismissal without prejudice should place the defendants in no worse of a position than they were in before the case began. *McKelvie*, 193 Mich App at 86.

The trial court did not err when it ruled that plaintiff's claim lacked merit and he was not entitled to relief as a matter of law. The trial court correctly reasoned that its decision to dismiss plaintiff's complaint with prejudice was supported by its prior rulings, i.e., that plaintiff lacked

---

[5] While there is ambiguity in the record regarding the exact nature of all the transactions regarding the second mortgage and its securitization, the original mortgagee was MERS as the nominee of AWL. Then MERS executed an assignment to RTR. The notice letter RTR sent to plaintiff when it took over servicing the loan stated that BNYM, as the trustee for CWHEQ, was the creditor of the loan. Notably, plaintiff did not challenge the validity of the debt when he received notice that RTR was the new servicer of the mortgage loan. He likewise did not challenge the validity of the debt during the bankruptcy proceedings, and he eventually entered into negotiations with RTR to settle the debt. While plaintiff argues that the second mortgage note was held by a trust without the authority to hold a note or initiate foreclosure proceedings, he concedes that all of the entities that originally held the note and mortgage were owned by Countrywide Home Loans, which merged with BOA. And, as noted, the only entities currently claiming an interest in the mortgage note are defendants.

standing to challenge the assignment of the second mortgage and that leave to amend his complaint would be futile. This case is most similar to *McClean*, in which the plaintiffs did not have a valid claim they could bring after dismissal, thus warranting a dismissal with prejudice. *McClean*, 269 Mich App at 202-203. As discussed previously, plaintiff lacks standing to challenge the interests defendants hold by way of assignment from AWL and BOA. The closest plaintiff came to articulating what a new claim may be was the suggestion of "striking" the assignment, made in his motion to amend his complaint, which is not a cause of action. If the trial court would have dismissed this matter without prejudice, defendants would be legally prejudiced by potentially having to defend another lawsuit filed by plaintiff over this same issue, even though he legally cannot succeed. Accordingly, the trial court did not abuse its discretion when it denied plaintiff's motion to dismiss without prejudice, and dismissed it with prejudice.[6]

Affirmed.

/s/ Michael J. Kelly
/s/ Christopher M. Murray
/s/ Stephen L. Borrello

---

[6] Plaintiff cites a number of cases for the proposition that the time spent and costs incurred by defendants do not amount to the legal prejudice required for a dismissal with prejudice. However, those cases are distinguishable because the outcomes of those cases depended on whether the plaintiff had a potentially meritorious claim, while plaintiff has not even attempted to identify a cause of action under which he can succeed. See, e.g., *McKelvie*, 193 Mich App at 86, where this Court concluded that dismissal without prejudice was warranted because the defendants were not prejudiced because they were in the same position as before the circuit court action, having to defend the federal suit.