*If this opinion indicates that it is "FOR PUBLICATION," it is subject to revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

CRYSTAL FARMER,

      Plaintiff-Appellant,

v

SYED AHMED,

      Defendant-Appellee.

UNPUBLISHED
December 10, 2025
3:01 PM

No. 372419
Wayne Circuit Court
LC No. 21-017199-NI

Before: TREBILCOCK, P.J., and PATEL and WALLACE, JJ.

PER CURIAM.

In this third-party automobile negligence case, the trial court conducted a hearing in which it orally denied motions to allow plaintiff's attorneys to withdraw, just prior to trial, despite the fact that plaintiff supported her attorneys' motions. After the court said it would not allow the attorneys to withdraw, plaintiff said that she wanted to appeal that decision and announced to the court that it could dismiss the case. Without further inquiry or discussion, the court said it was dismissing the case and entered an order of dismissal with prejudice. The record below contains no evidence that plaintiff was aware that such a dismissal could be entered with prejudice nor that she was aware of the potential implications of such an order. Because the court did not give plaintiff a choice to either proceed to trial or accept a dismissal on the terms and conditions established by the trial court, we reverse the order of dismissal and remand for proceedings not inconsistent with this opinion.

## I. STATEMENT OF FACTS AND PROCEDURAL HISTORY

Plaintiff filed her complaint in this matter on December 15, 2021, alleging that defendant, a resident of the state of Michigan, was driving a vehicle northbound on I-75 in Georgia, when he negligently collided with a vehicle driven by plaintiff, proximately causing her to suffer multiple injuries. Defendant was personally served with the summons and complaint one month later, on January 16, 2022, and an answer and jury demand were filed on February 11, 2022.

After extensive discovery, the case was finally set for trial in August 2024. On June 25, 2024, an appearance was filed by two attorneys as co-counsel for plaintiff. On July 2, 2024, plaintiff's original counsel filed a motion to withdraw as plaintiff's attorney alleging a breakdown

in the attorney/client relationship. On July 3, 2024, plaintiff's co-counsel also filed a motion to withdraw as plaintiff's attorneys, likewise alleging a breakdown in the attorney/client relationship.

On July 23, 2024, the court conducted a final pretrial conference for this matter via videoconference, to discuss issues pertaining to trial, which was scheduled to begin the following month. Plaintiff's counsel informed the court that his firm had been discharged by plaintiff. Plaintiff's co-counsel said that plaintiff was not willing to sign their fee agreement. At some point, plaintiff was brought into the conference and asked whether she intended to represent herself at trial, and she said she would not.

The court then conducted a hearing regarding the motions to withdraw. Plaintiff's counsel argued that his withdrawal was mandatory pursuant to Rule 1.16 of the Michigan Rules of Professional Conduct (MRPC).[1] Plaintiff's co-counsel reiterated that plaintiff declined to sign his firm's contingent fee agreement. Plaintiff essentially argued that co-counsel should not have filed an appearance if it required this particular fee agreement to be signed because she did not agree to its terms. More specifically, plaintiff indicated that she did not agree to a limited power of attorney clause that would have authorized co-counsel to sign certain documents on her behalf. Plaintiff also stated that she reviewed her file, which was provided to her by plaintiff's counsel, and it was missing a large portion of the evidence she wished to present in this matter.

Defense counsel requested that the court grant the motion because plaintiff clearly indicated she did not want her current attorneys to represent her at trial and defense counsel was concerned that forcing plaintiff to proceed nonetheless could constitute reversible error that could result in the case being tried twice. In response, the court asked defense counsel why this action, which was filed in 2021, had not yet proceeded to trial. He reminded the court of the eight month stay entered by the court (to allow plaintiff to recuperate from surgery) and contended that the delay that occurred in this case "had nothing to do with the defense."

In reply, plaintiff stated she had not requested any of the adjournments, i.e., they were all requested by defendant, with the exception of the stay that was entered, which was supported by a letter from her physician. She reminded the court that the most recent adjournment of trial had also been requested by defendant.

The court stated that the register of actions shows multiple adjournments provided to plaintiff, including the eight-month stay.[2] Due to all of the delays in the case, as well as the trial that was scheduled to begin the following month, the court said it would not allow plaintiff's

---

[1] Counsel for plaintiff asked to be allowed to withdraw pursuant to MRPC 1.16(a)-(b). Subparagraph (a) states in part: "Except as stated in paragraph (c), a lawyer shall not represent a client or, where representation has commenced, shall withdraw from the representation of a client if . . . (3) the lawyer is discharged." MRPC 1.16(a).

[2] The register of actions corroborates that multiple adjournments were provided in this case, but it also indicates that only one of those adjournments was requested by plaintiff (i.e., the motion to adjourn trial that resulted in an eight month stay), and that the three other motions to adjourn discovery and/or trial were all filed by defendant.

counsel or co-counsel to withdraw, but suggested that plaintiff could proceed without them, i.e., she would be permitted to represent herself. The court then stated: "I have trial on August 26th. Be ready to pick a jury on that date, if you so choose[,] or dismiss your case." As the court then started to provide the parties with information regarding motions in limine, plaintiff interrupted, accused the court of being biased against her, and said she "will not receive, the attorney --." The court instructed plaintiff to cease interrupting and said she would be removed from the videoconference hearing if she did not stop doing so.

The following exchange then took place:

[Plaintiff]: Well, then, you can dismiss the case because I told you I told you I'm not going to go there. You have no right to bring me there.

[The court]: Alright, Ma'am, I'm dismissing your case based on your request.

[Plaintiff]: They going to see your bias because you're wrong.[3]

[The court]: Thank you, Ma'am. This case is dismissed. Please enter an order accordingly, Mr. Davis. You're her attorney of record.

Thank you all.

The following day, the court entered an order of dismissal, prepared by defense counsel, that stated: "For the reasons stated on the record, it is hereby ORDERED that the above-captioned matter is DISMISSED WITH PREJUDICE." It further provided: "This Order resolves all pending claims and closes the case."

Plaintiff then obtained new counsel, who filed a motion for reconsideration.

In response, the court issued a 17-page order denying reconsideration, the first 15 pages of which contained a recitation of the procedural history of this case. The court noted that plaintiff herself asked the court "to dismiss her case as she was not going to proceed." The court found that "[t]here is nothing for this [c]ourt to reconsider. Accordingly, this Motion for Reconsideration is procedurally deficient." Further, the court noted many discovery deficiencies by plaintiff, as well as all of the adjournments that occurred in this matter, and said that plaintiff was still not ready to proceed. Having found no error with the entry of the dismissal order, the court denied the motion for reconsideration. This appeal followed.

---

[3] Although the issue of bias is not contained in any of plaintiff's questions presented on appeal, we note that there is absolutely no evidence in this matter supporting plaintiff's assertion that the trial court acted with bias against plaintiff or any other party in this matter.

## II. STANDARD OF REVIEW

Discretionary orders of a trial court, such as dismissal for lack of progress or denial of a motion for reinstatement, for example, are reviewed for abuse of discretion. *Boyd v St. Lawrence Community Mental Health Clinic*, 411 Mich 1044, 1044; 309 NW2d 528 (1981). Likewise, this Court reviews "a trial court's decision regarding a motion to withdraw for an abuse of discretion." *In re Withdrawal of Attorney*, 234 Mich App 421, 431; 594 NW2d 514 (1999). A trial court's decision to grant or deny voluntary dismissal is also reviewed for abuse of discretion. *Newman v Real Time Resolutions, Inc*, 342 Mich App 405, 411; 994 NW2d 852 (2022). An abuse of discretion occurs when it is "outside the range of reasonable and principled outcomes." *Id.* (quotation marks and citation omitted). "This Court will not set aside the grant or denial of a voluntary dismissal unless the circuit court's action was without justification." *McKelvie v City of Mount Clemens*, 193 Mich App 81, 86; 483 NW2d 442 (1992). "A trial court's decision to involuntarily dismiss an action with prejudice is reviewed de novo." *Newman*, 342 Mich App at 411.

## III. ANALYSIS

On appeal, plaintiff raises the following arguments: (1) the trial court erred by dismissing this matter with prejudice via voluntary or involuntary dismissal, (2) the court abused its discretion when it denied plaintiff's counsels' motions to withdraw, and (3) to the extent that the court dismissed the case as a sanction for discovery deficiencies by plaintiff, such a draconian sanction was improper.

### A. DISMISSAL WITH PREJUDICE

Plaintiff's first argument on appeal is that dismissal of this matter was inappropriate because, despite having blurted out her statement about dismissing the case, plaintiff did not knowingly or voluntarily agree to a dismissal *with prejudice*. In fact, plaintiff argues, the court never told plaintiff that dismissal would be entered *with prejudice* and never instructed counsel, on the record, to prepare an order of dismissal *with prejudice*.

The trial court did not indicate that it was relying upon any specific court rule for its entry of the dismissal order. However, based on the record, the court appears to have treated plaintiff's statement at the hearing as a request for voluntary dismissal under MCR 2.504(A)(2).[4] MCR

---

[4] In pertinent part, MCR 2.504(A)(2) states:

> Except as provided in subrule (A)(1), an action may not be dismissed at the plaintiff's request except by order of the court on terms and conditions the court deems proper.

> \* \* \*

> (b) Unless the order specifies otherwise, a dismissal under subrule (A)(2) is without prejudice.

2.504(A) "allows a court to dismiss an action at the request of the plaintiff upon terms and conditions that the court determines are proper." *Persichini v William Beaumont Hosp*, 238 Mich App 626, 641 n 9; 607 NW2d 100 (1999). This Court has previously held that, "a party seeking a voluntary dismissal must be given a choice to either proceed to trial or accept a dismissal on the terms and conditions established by the trial court." *McKelvie*, 193 Mich App at 84.

In *McKelvie*, plaintiff Frank McKelvie was injured in an automobile accident, and plaintiffs brought suit in the state circuit court alleging defendant City of Mount Clemens' failure to properly place traffic control devices at the accident's intersection. *Id*. at 83. Plaintiffs subsequently moved to Florida and filed a federal lawsuit against the City of Mount Clemens and other defendants in the Eastern District of Michigan, arising out of the same accident at issue in the state circuit court action. *Id*. The plaintiffs then moved for voluntarily dismissal of the state court action. Defendant opposed that motion, and filed a motion for summary disposition. The state circuit court granted the plaintiffs' motion for voluntary dismissal without prejudice and ordered them to pay defendant's actual costs and attorney fees, which were calculated by the state circuit court after a subsequent evidentiary hearing. *Id*. at 83-84. On appeal, this Court noted that, when costs and attorney fees will be imposed as a condition of a voluntary dismissal "the plaintiff should be given an opportunity either to accept the condition or to decline the dismissal and proceed with the action." *Id*. at 85. Because the record did not reflect that the plaintiffs were given the choice to decline the grant of a voluntary dismissal that was conditioned on the payment of costs and attorney fees, this Court reversed and remanded to the state circuit court "so that [the] plaintiffs may be given an opportunity to either decline the dismissal or accept it and the condition of assessment of costs and attorney fees as determined." *Id*.

Similarly, in the present case, the court should have informed plaintiff of the conditions of the voluntary dismissal, i.e., that its grant of plaintiff's request for voluntary dismissal would be with prejudice, meaning that she could not refile the civil action. Further, the court should have informed plaintiff that, if the court entered a voluntary dismissal with prejudice, it could affect her rights to appeal, i.e., that it could arguably be deemed to be a waiver of her rights because, " '[a] party may not take a position in the trial court and subsequently seek redress in an appellate court that is based on a position contrary to that taken in the trial court.' " *Holmes v Holmes*, 281 Mich App 575, 587-588; 760 NW2d 300 (2008), quoting *Czymbor's Timber, Inc v City of Saginaw*, 269 Mich App 551, 556; 711 NW2d 442 (2006). "A waiver is the intentional and voluntary relinquishment of a known right." *Home-Owners Ins Co v Perkins*, 328 Mich App 570, 585; 939 NW2d 705 (2019) (quotations marks and citation omitted). Based on the hearing transcript, plaintiff appears to have made the remark about dismissing the case because she wished to appeal the court's denial of her attorneys' motions to withdraw. Clearly, her intention was not to potentially waive her right to appeal, nor was it to have an order entered that could have effectively terminated any further proceedings regarding her third-party automobile negligence case. As plaintiff argues, she did not knowingly and voluntarily agree to a dismissal that would effectively end her right to proceed in court regarding her third-party automobile negligence case.

Defendant argues that there is no evidence that plaintiff's statement regarding dismissal of the case was involuntary or coerced, despite plaintiff's arguments to the contrary.

We agree that plaintiff was not coerced into making the statement about dismissal and we agree that plaintiff appeared to be volunteering to have her case dismissed. However, as explained

above, in order for the court to enter a voluntary dismissal in such a situation, it was required to give plaintiff "a choice to either proceed to trial or accept a dismissal on the terms and conditions established by the trial court." See *McKelvie*, 193 Mich App at 84.

Defendant also argues that, even if plaintiff's statement is construed as having left the issue of dismissal up to the trial court, a party cannot "*refuse* to take a position, ask the trial court to make a decision for them, and then take issue with the result." *Zeineh v Zeineh*, unpublished per curiam opinion of the Court of Appeals issued May 17, 2018 (Docket No. 339443), p 3.[5] In *Zeineh*, the plaintiff argued that the trial court's decision to flatly deny her attorney's motion to withdraw was error because her attorney had a conflict of interest. *Id*. at 2-3. But the record revealed that the plaintiff actually left it to the discretion of the trial court as to whether it would grant her attorney's motion. *Id*. at 3. In the present case, plaintiff never left it to the court's discretion as to whether it would dismiss the case with prejudice. In fact, the issue of whether the dismissal would be with or without prejudice was not even mentioned at the hearing.

Defendant also argues that dismissal with prejudice was proper because it would protect defendant from "the abusive practice of dismissal after much time and effort has been put into a lawsuit." *Rosselott v Muskegon Co*, 123 Mich App 361, 374; 333 NW2d 282 (1983). But, defendant's reliance on *Rosselott* is misplaced. In *Rosselott*, the plaintiffs filed a complaint alleging that contaminated water from the defendants' sewage treatment plant was degrading their wells. Yet, after the final pretrial conference conducted three years into the case, plaintiffs expressed uncertainty as to whether they could prove the allegations in their complaint, suggesting that the complaint might have to be amended (including the addition of another party defendant).[6] *Id*. at 368. This Court affirmed the trial court's entry of an order dismissing the plaintiffs' complaint with prejudice, after the plaintiffs moved for voluntary dismissal shortly before trial. This Court's decision was premised, in part, on a finding that "there was no liability on the part of the defendants on the theories pled in plaintiffs' complaint . . . ."[7] *Id*. at 375. It noted that the plaintiff possibly had a claim regarding discharge from one of the defendants' drains; however, the court had offered to dismiss that portion of the complaint *without prejudice* and the plaintiff

---

[5] "Although MCR 7.215(C)(1) provides that unpublished opinions are not binding under the rule of stare decisis, a court may nonetheless consider such opinions for their instructive or persuasive value." *Kennard v Liberty Mut Ins Co*, 341 Mich App 47, 53 n 2; 988 NW2d 797 (2022) (quotation marks and citation omitted).

[6] At the final pretrial, a special master made preliminary conclusions that refuted many of the allegations in the plaintiff's complaint and suggested that some of the contamination was caused by deicing salts placed on the roadway by a nonparty; however, the preliminary conclusions also suggested that one of the defendant's drains could have contaminated some of the plaintiffs' wells. *Id*. at 367-368. Thus, the plaintiffs sought to amend their complaint to include that drain as a causative factor for the contamination of plaintiffs' wells, and to add the nonparty as a defendant. *Id*. at 368.

[7] This Court noted that plaintiff could possibly have had a claim against one of the defendants, based on the allegations in the complaint. However, the court offered to dismiss that defendant without prejudice and the plaintiff refused that offer.

refused the court's offer. *Id*. In the present case, nothing in the lower court record demonstrates that the trial court determined plaintiff is unable to present evidence of liability on the part of defendant. Also, while the trial court in *Rosselott* offered to dismiss a portion of plaintiff's complaint without prejudice, no such offer was made in the present case.[8]

## B. MOTIONS TO WITHDRAW

Plaintiff next argues that the court abused its discretion by denying her attorneys' motions to withdraw as counsel of record. We disagree.

"Once a lawyer accepts retainer to represent a client he is obliged to exert his best efforts wholeheartedly to advance the clients legitimate interests with fidelity and diligence until he is relieved of that obligation either by his client or the court." *In re Daggs*, 384 Mich 729, 732; 187 NW2d 227 (1971). Under MCR 2.117(C)(2), "[u]nless otherwise stated in this rule, an attorney who has entered an appearance may withdraw from the action or be substituted for only on order of the court." Accordingly, a trial court has authority to control whether an attorney may withdraw from a pending action. *Keywell & Rosenfeld v Bithell*, 254 Mich App 300, 345; 657 NW2d 759 (2002). A trial court must ensure that a party's rights and interests are protected when permitting their attorney to withdraw. *In re Lovitt*, ___ Mich App ___. ___; ___ NW3d ___ (2024) (Docket No. 367124); slip op at 5.

This case had been pending for more than two-and-a-half years by the time counsel for plaintiff filed the first motion to withdraw, and trial was scheduled to begin the following month. While plaintiff argues she was essentially requesting the court to allow her to substitute attorneys, none of the four other attorneys she contacted had filed an appearance by the time of the final pretrial conference. Under these circumstances, we find that the court did not abuse its discretion by denying plaintiffs' attorneys' motions to withdraw because that decision was within the range of reasonable and principled outcomes.[9] See *Newman*, 342 Mich App at 411.

## C. DISCOVERY SANCTIONS

Finally, plaintiff argues that, in the context of the alleged discovery violations in this case, the draconian sanction of dismissal was not appropriate. But we need not address this issue because, while the trial court's order denying reconsideration did recount various discovery issues, the court did not indicate that it entered dismissal because of any discovery violations. Rather, it

---

[8] As noted above, the trial court did tell plaintiff that she would have the choice, at the time of trial, to either proceed with her case or have it dismissed; but after plaintiff told the court that it could dismiss her case, the court did not give plaintiff the choice between proceeding with her case or accepting a dismissal on the terms and conditions established by the court, i.e., a dismissal with prejudice.

[9] Now that plaintiff is represented by new counsel, the trial court may decide to allow plaintiff's counsel and co-counsel to withdraw, but that is a decision to be made by the court on remand.

dismissed the case, which had been pending for two years, because plaintiff asked the court to dismiss her case and said she was not going to proceed.[10]

We reverse the July 24, 2024 order of dismissal entered by the trial court and remand for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Christopher M. Trebilcock
/s/ Sima G. Patel
/s/ Randy J. Wallace

---

[10] The lower court record in this matter shows that neither party was completely compliant with the court rules pertaining to discovery, and a lack of communication between the parties appears to be responsible for much of the delay in this matter.